STATE of Maine

v.

Theodore COCCO, Jr.

Supreme Judicial Court of Maine.

Submitted on Briefs April 28, 1993.

Decided July 21, 1993.

Defendant was convicted in the Superior Court, Lincoln County, Fritzsche, J., of burglary and theft, and he appealed. The Supreme Judicial Court, Roberts, J., held that defendant's lack of prior convictions was admissible as relevant to issue of his credibility.

David M. Spencer, Greg B. Dorr, Asst. Dist. Attys., Wiscasset, for the State.

E. Erik Laurentz, Waldoboro, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

ROBERTS, Justice.

Theodore Cocco, Jr., appeals from his convictions in Superior Court (Lincoln County, *Fritzsche, J.*) of burglary and theft entered after a jury trial. Because we agree with Cocco's contention that the court erroneously excluded evidence relevant to his credibility, we vacate the judgments.

In May 1990, approximately $1,400 in cash and boots valued at $150 were stolen from David Dixon's house in Wiscasset. Dixon testified that all of the items were missing when he first discovered the burglary, but he could not be sure that all of the items were taken at the same time. In June Michael Cavallaro was told that the police wanted to question him and that he "was ratted on by Ted Cocco." He flagged down Officer William Hanson and told Hanson he had heard the police were looking for him because of the Dixon burglary. Hanson acknowledged that was correct, whereupon Cavallaro stated, "Well, I know who did it. I saw Teddy Cocco go through the window." When Hanson asked if Cavallaro had also gone into the house, Cavallaro asked what would happen if he admitted that he had. After being told that would be up to the district attorney, Cavallaro admitted that he too went into the house. At trial Cavallaro testified that he entered Dixon's home on a Saturday or Sunday in May and took $800. He further stated that he told Cocco the source of the money, and a couple of days later Cocco went into the Dixon's house and stole the other items.

■■■ At trial, Cocco explained to the jury that he first learned that Michael Cavallaro had implicated him in the burglary as he was about to be released from the Piscataquis County jail. He had finished serving a three-month sentence for motor vehicle violations when he was informed of the burglary charge in Lincoln County and was transported to jail in Wiscasset. Defense counsel also asked if he had ever been arrested or convicted of any other crime. The court sustained the State's objection on the ground of relevance and instructed the jury to disregard Cocco's neg-ative answer. That ruling was erroneous. M.R.Evid. 609 permits the State to use a defendant's criminal convictions for impeachment. It is obvious therefore that the absence of such convictions is relevant on the issue of the defendant's credibility. Because his negative answer is in the record, no further offer of proof was necessary to preserve the error. M.R.Evid. 103(a)(2).

■■■ No evidence connected Cocco with the burglary except the uncorroborated testimony of Michael Cavallaro. Cavallaro admitted that he implicated Cocco after being told by friends that "Cocco ratted on me." Although Cavallaro's testimony is sufficient to support Cocco's conviction, clearly the critical question for the jury was the evaluation of one man's word against the other. In such circumstances, the exclusion of evidence relevant to the defendant's credibility is not harmless error.

The entry is:

Judgments vacated.

Remanded for further proceedings consistent with the opinion herein.

GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ., concurring.

WATHEN, Chief Justice, dissenting.

I respectfully dissent. Defense counsel did not make an offer of proof that defendant's prior criminal record consisted of nothing more than motor vehicle violations, nor did he demonstrate the relevance and admissibility of the proffered testimony. Field & Murray, *Maine Evidence* § 103.4 at 13, n. 33 (1987). In short, the trial court never heard the argument for admissibility presented on appeal, and undoubtedly assumed that defendant offered evidence concerning the absence of a prior criminal record for the inadmissible purpose of proving that he did not commit the crime. Thus defendant is entitled to relief only on the basis of obvious error. M.R.Evid. 103. I find none and would affirm.